UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14266-CV-CANNON
MAGISTRATE JUDGE REID

FREDDIE LEE ROBINSON,

     Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

     Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

Petitioner, **Freddie Lee Robinson,** a convicted felon currently confined at the DeSoto Correctional Institution Annex, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his convictions for felony possession with intent to sell methamphetamine, felony possession of alprazolam, misdemeanor possession of cannabis and drug paraphernalia, and misdemeanor resisting without violence, entered following a guilty plea in Highlands County Circuit Court, **Case No. 2014-CF-928.** [ECF No. 1 at 1].

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. of Fla. Admin. Order 2019-02, and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. [ECF No. 7].

For its consideration of the Petition [ECF No. 1] and supporting Memorandum of Law [ECF No. 2], the Court has the Response of the state [ECF No. 13] to this Court's Order to Show Cause, Petitioner's Reply [ECF No. 24], together with multiple appendices containing copies of relevant state court records. [ECF Nos. 14, 15]. The Undersigned takes judicial notice of these

1

records. *See* Fed. R. Evid. 201; *see also Nguyen v. United States,* 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009) (quoting *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.") (citation omitted)).

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*per curiam*), Petitioner raises the following three grounds for relief:

1.   His due process rights were violated when the trial court denied his post-conviction motion without considering Petitioner's supplement to his post-conviction motion as to ground three. [ECF No. 1 at 4].

2.   His conviction for possession with intent to sell methamphetamine is unlawful as it was predicated on "purely circumstantial evidence." [ECF No. 1 at 5].

3.   His attorney was ineffective for failing to argue and present a viable defense that Petitioner could only be guilty of simple possession and not possession with intent to sell methamphetamine. [ECF No. 1 at 6].

## III. Relevant State Court Procedural History

Petitioner was charged with and pleaded guilty to misdemeanor resisting an officer without violence (Count 1), felony possession with intent to sell methamphetamine (Count 2), felony possession of alprazolam (Count 3), and misdemeanor possession of cannabis and drug paraphernalia (Counts 4 and 5). [ECF No.14-1, Exs. 2-3 at 6-14].[1] In 2015, he was adjudicated guilty and sentenced to a total term of fifteen years of imprisonment. [*Id.* at Ex. 4 at 16-23]. On **August 10, 2016,** his judgment was *per curiam* affirmed on appeal in a decision without written opinion. *See Robinson v. State,* 198 So. 3d 635 (Fla. 2d DCA 2016) (unpublished table opinion), [*Id.* at Ex. 8 at 39].

---

[1] Unless otherwise noted, the page numbers of the exhibits attached to the Respondent's Appendix 14-1 are those imprinted by the Court's electronic docketing system, CM/ECF, on the upper, right-hand corner of the filing.

Petitioner was not permitted to seek discretionary review with the Florida Supreme Court because the affirmance on direct appeal did not cite to any decision for which the Florida Supreme Court had accepted review. *See Wells v. State,* 132 So. 3d 1110, 1113 (Fla. 2014) (*per curiam*). Therefore, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as amended, the judgment became final on **Wednesday, November 9, 2016,** ninety days after the state appellate court issued its opinion affirming the judgment of conviction, when the period for seeking discretionary review with the Supreme Court of the United States expired. *See* Sup. Ct. R. 13; *see also Gonzalez v. Thaler,* 565 U.S. 134, 154 (2012); *Moore v. Sec'y, Fla. Dep't of Corr.,* 762 F. App'x 610, 617 (11th Cir. Feb. 13, 2019) (*per curiam*) (citing *Gonzalez,* 565 U.S. at 150).

Before his conviction became final, Petitioner returned to the state court, filing his first motion for post-conviction relief, pursuant to Fla. R. Crim. P. 3.850 ("Rule 3.850 Motion"). [*Id.* at Ex. 10 at 43-56]. On November 21, 2016, the trial court entered an order denying claims one and four and ordering the state to respond to claims two and three. [*Id.* at Ex. 11 at 58-59]. In January 2017, the state requested clarification from the court, but when no response thereto was received, on February 22, 2017, the state filed a response to the court's order addressing claims two and three on the merits. [*Id.* at Exs. 12-13 at 77-83].

Although the court initially ordered Petitioner to file a supplement as to claim three, on May 2, 2017, after receipt of the state's response, the court entered an order denying the remaining claims and the Rule 3.850 Motion "in toto," based on the state's February 22, 2017 response. [*Id.* at Exs. 14-15 at 100, 102]. That denial was subsequently *per curiam* affirmed in a decision without written opinion. *See Robinson v. State,* 248 So. 3d 81 (Fla. 2d DCA 2018) (unpublished table decision), [*Id.* at Ex. 19 at 116]. The appeal concluded with the issuance of the mandate on **February 28, 2018.** [*Id.* at Ex. 20 at 118].

One month later, on **March 26, 2018,** Petitioner returned to the trial court, filing a letter in which he requested that the trial court issue a ruling on the supplement to ground three of his initial Rule 3.850 motion, filed after the court had denied the Rule 3.850 Motion "in toto" and that denial had been affirmed on appeal.  [*Id.* at Ex. 21 at 120]. The court entered an order on April 6, 2018, construing the letter as an "untitled motion" requesting a ruling on ground three of Petitioner's Rule 3.850 motion. [*Id.* at Ex. 24 at 186]. The court then denied the motion explaining that Petitioner's Rule 3.850 motion, including ground three, had been denied "in toto" in its prior May 5, 2017 Order which adopted the state's February 2017 response, and that denial had been affirmed on appeal. [*Id.* at Ex. 24 at 186]. Petitioner appealed the court's order. [*Id.* at Ex. 25 at 189]. On **April 26, 2019,** the appellate court *per curiam* affirmed the court's denial of Petitioner's motion, without requiring a response from the state. *See Robinson v. State,* 275 So. 3d 570 (Fla. 2d DCA 2019) (unpublished table decision), [*Id.* at Ex. 30 at 244]. Rehearing was denied, and the appeal concluded with the issuance of the mandate on **August 2, 2019.** [*Id.* at Exs. 31-32 at 246, 248].

Before the forgoing proceeding concluded, Petitioner filed this federal habeas Petition with the United States District Court for the Middle District of Florida, pursuant to the mailbox rule, on **July 30, 2019**.[2] [ECF No. 1 at 8]. The case was then transferred to this Court. [ECF No. 5].

### IV. Timeliness of Federal Petition

#### A. Statutory Tolling Under § 2244(d)(1)(A)-(D)

The AEDPA implemented a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . ."). Specifically, AEDPA provides that the

---

[2] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (*per curiam*) (citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999)); *see also* Fed. R. App. P. 4(c)(1).

limitations period shall run from the latest of—

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Under 28 U.S.C. § 2254(a), a state habeas petition may challenge only the state-court judgment pursuant to which a petitioner is being held in custody. *See Patterson v. Sec'y, Fla. Dep't of Corr.,* 849 F.3d 1321, 1325 (11th Cir. 2017) (*en banc*) (citing 28 U.S.C. § 2244(b)). The only "judgment that matters for purposes of § 2244 is 'the judgment authorizing the prisoner's confinement.'" *Id.* at 1325 (quoting *Magwood v. Patterson,* 561 U.S. 320, 332 (2010)). Thus, "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." *Vaughan v. Sec'y, Fla. Dep't of Corr.,* 770 F. App'x 554, 555 (11th Cir. 2019) (*per curiam*) (quoting *Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1293 (11th Cir. 2007)).

1. Statutory Tolling Under § 2244(d)(1)(A)

The first issue before this Court is whether this proceeding was instituted within a year of when Petitioner's conviction became final pursuant to § 2244(d)(1)(A). As discussed above, the Petitioner's judgment, based on his conviction and most recent sentence, became final and the statute of limitations began on **November 3, 2016.** *See Vaughan,* 770 F. App'x at 555 (finding that

"judgment" under AEDPA refers to the underlying conviction and most recent sentence authorizing petitioner's current detention) (quoting *Ferreira,* 494 F.3d at 1292). This federal proceeding was not filed until **July 30, 2019,** well over **one year** after Petitioner's conviction became final under § 2244(d)(1)(A). Thus, it is not timely under § 2244(d)(1)(A).

2. <u>Statutory Tolling Under §§ 2244(d)(1)(B)-(C)</u>

That, however, does not end the Court's inquiry. Petitioner has not suggested that either § 2244(d)(1)(B) or (C) apply, nor is there any evidence of record to support a finding that Petitioner is entitled to statutory tolling on that basis.

3. <u>Statutory Tolling Under § 2244(d)(1)(D)</u>

Also, § 2244(d)(1)(D) is inapplicable because Petitioner has not suggested, nor is there anything in the record to suggest that the statute of limitations should be tolled on the basis of "new evidence" that would sufficiently restart the limitations period based upon "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Nothing of record suggests that the Petitioner's convictions are based on newly discovered evidence. To the contrary, his claims were reasonably discoverable, at the latest, by conclusion of his sentencing proceeding. Therefore, statutory tolling on this basis is not warranted.

### B. Statutory Tolling Under § 2244(d)(2)

The Court's inquiry is still not at an end. Petitioner claims this federal Petition is timely because the federal limitations period was tolled while he pursued state post-conviction proceedings, and claims he filed this petition within a year of their conclusion. [ECF No. 1 at 8]. Petitioner is mistaken.

It is true that the AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .." 28 U.S.C. § 2244(d)(2). Unless the appropriate limitations period was extended by properly filed state post-conviction or other collateral review proceedings, this federal petition remains time-barred pursuant to § 2244(d)(2). *See* 28 U.S.C. §2244(d)(2); *see also Rich v. Sec'y for Dep't of Corr.,* 512 F. App'x 981, 982-83 (11th Cir. 2013) (*per curiam*). Further, if Petitioner created time gaps in the process, the one-year clock would continue running. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

As discussed above, the Petitioner's conviction was tolled from the time Petitioner's became final on **November 9, 2016** until **February 28, 2018,** when the mandate issued at the conclusion of Petitioner's initial Rule 3.850 proceeding and appeal therefrom.

It must be decided whether Movant's May 17, 2017 supplement to ground three, filed after the court's May 1, 2017 order denying the Rule 3.850 Motion in its entirety, became a nullity when Petitioner appealed that order on May 19, 2017. To do so, the court must look to state procedural rules governing such filings to determine whether it was "properly filed." *See Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004) (*per curiam*) (citing *Artuz v. Bennett,* 531 U.S. 4 (2000)).

Thus, under Florida law, the filing of a notice of appeal divests the trial court of jurisdiction and forecloses any consideration by the postconviction court of the motion and "is an effective abandonment of the motion." *See e.g., Southers v. State,* 961 So. 2d 992 (Fla. 2d DCA 2007) (finding filing of notice of appeal foreclosed any consideration by the postconviction court of motion for rehearing either during or after the appeal) (citing *Cabrera v. State,* 623 So. 2d 825, 826 (Fla. 2d DCA 1993) (holding that subsequent filing of notice of appeal was an abandonment of pending motion for rehearing and divested trial court of jurisdiction to consider it) (citing *In re:*

*Forfeiture of $104,591 in U.S. Currency,* 589 So. 2d 283, 294-85 (Fla. 1991)). Consequently, the filing of the supplement after the denial of the Rule 3.850 motion in its entirety did not serve to toll the federal limitations period.

Next, it must be determined whether Petitioner's March 26, 2018 letter requesting a ruling on his May 17, 2017 Rule 3.850 supplement was a properly filed post-conviction motion so that it would toll the federal limitations from the date of its filing until the proceedings concluded in 2019. Florida law requires that all documents filed in a criminal action "have a caption containing the name of the court . . . and a designation identifying the party filing it and its nature." *See* Fla. R. Crim. P. 3.090. The filing must also "be styled in such a manner as to indicate clearly the subject matter of the document and the party requesting or obtaining relief." *Id.* Also, a criminal motion must be "under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct." *See* Fla. R. Crim. P. 3.850(c).

As applied, the letter was an "unidentified motion," as noted by the trial court, in violation of Fla. R. Crim. P. 3.090. Further, the letter did not contain the required oath under Fla. R. Crim. P. 3.850(c). Further, as argued correctly by Respondent, Petitioner's letter was not a properly filed post-conviction motion because "it did not ask the state court to reexamine his sentence or conviction; nor does it contain any allegations that his conviction or sentence were illegal." *See Cantu v. State,* 778 F. App'x 760, 761-62 (11th Cir. 2019) (*per curiam*) (holding "a tolling motion 'must attack collaterally the relevant conviction or sentence.'") (quoting *Sibley v. Culliver,* 377 F.3d 1196, 1200 (11th Cir. 2004) (quoting *Voravongsa v. Wall,* 349 F.3d 1, 6 (1st Cir. 2003)).

In *Cantu,* the Eleventh Circuit made clear that where a "letter does not ask the state court to reexamine the sentence or conviction;" fails to "contain any allegations that his conviction or

Case 2:19-cv-14266-AMC   Document 27   Entered on FLSD Docket 02/18/2021   Page 9 of 14

sentence were illegal," and "does not even incorporate the arguments made in the Rule 3.850 motion," it does not qualify as an "'application for State postconviction or other collateral review,' that tolls the AEDPA state of limitations." *Cantu,* 778 F. App'x at 762 (citations omitted).

Petitioner's letter did not seek reexamination of his conviction or sentence, but only requested a ruling on what he misbelieved to be a pending supplement to his Rule 3.850 motion. Petitioner's Rule 3.850 proceeding was no longer pending at the time he filed his supplement or his letter. Further, the letter did not collaterally attack the relevant judgment, but only sought a ruling from the court. Given the foregoing, Petitioner's letter was not a properly filed application for State postconviction review and, therefore, did not serve to toll the limitations period during its pendency. *See id.*

As a result, the federal statute of limitations was untolled for over **one year,** from **February 28, 2018** until **July 30, 2019,** when Petitioner filed the instant Petition. Therefore, statutory tolling under § 2244(d)(2) is not warranted. Although Petitioner attempted to revive his Rule 3.850 motion in March 2018, the letter, its denial, and the appeal that followed did not serve to toll the one-year federal limitations period because the letter was not a properly filed post-conviction motion. Thus, this federal proceeding should be dismissed as untimely.

### V. Equitable Tolling

The timeliness issue is still not at an end because it next needs to be determined whether Petitioner is entitled to equitable tolling of the statute of limitations. *See Cadet v. Fla. Dep't of Corr.,* 853 F.3d 1216, 1218 (11th Cir. 2017) (citations omitted). Although not mentioned in the timeliness discussion of his federal Petition, nor in his Reply [ECF No. 24], there is nothing of record to suggest Petitioner should be entitled to equitable tolling.

9

"'[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly.'" *Lanier v. United States,* 769 F. App'x 847, 850 (11th Cir. 2019) (*per curiam*) (quoting *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009) (*per curiam*)). To be entitled to equitable tolling, Petitioner must demonstrate that (1) "'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). Petitioner bears the burden of establishing entitlement to equitable tolling. *See id.* (citing *Outler v. United States,* 485 F.3d 1273, 1280 (11th Cir. 2007) (*per curiam*)).

Extraordinary circumstances must be beyond a petitioner's control. *See Hunter*, 587 F.3d at 1308. Moreover, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). However, the diligence required for equitable tolling is "reasonable diligence not maximum feasible diligence." *Id.* (quotation omitted).

It is well settled that an inadequate prison law library or limited access to the library or prison law clerks does not establish extraordinary circumstances for equitable tolling. *See Bland v. State,* 2017 WL 5668005, at *3 (11th Cir. 2017) (citing *Atkins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir. 2000)). Further, erroneous advice from an inmate law clerk also does not warrant equitable tolling. *See Deleon v. Fla. Dep't of Corr.,* 470 F. App'x 732, 734 (11th Cir. 2012) (*per curiam*).

Petitioner provides no details on what efforts he made to obtain legal help or legal materials when he discovered the purported deficiencies at the prison where he is confined. He was required to do so. *See Aureoles v. Sec'y, Dep't of Corr.,* 609 F. App'x 623, 624 (11th Cir. 2015) (*per curiam*) (citing *Arthur v. Allen,* 452 F.3d 1234, 1253 (11th Cir.), *modified in part on other grounds on*

10

*reh'g,* 459 F.3d 1310 (11th Cir. 2006)). Thus, Petitioner has not demonstrated that he is entitled to equitable tolling of the federal limitations period.

This Court is not unmindful that Petitioner pursued collateral relief in the state forum. While he may have done so timely under state law, given the above, there was more than one year during which no properly filed post-conviction proceedings were pending so as to stop the limitations period from expiring. Because Petitioner failed to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. This is ultimately the result of Petitioner's failure to properly pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding is untimely, Petitioner's claims challenging the lawfulness of his judgment are now barred.

### VI. Fundamental Miscarriage of Justice/Actual Innocence

Petitioner has not alleged, nor does the record reflect, that a failure to review this § 2254 Petition on the merits will result in a fundamental miscarriage of justice. *See Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003). The fundamental miscarriage of justice exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 498 (1986)). It is now well settled that "actual innocence," may serve as a gateway through which a petitioner may pass to overcome the AEDPA's procedural bar impediment caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013); *see also San Martin*, 633 F.3d at 1267-68. Petitioner has not demonstrated that he is actually innocent of the convictions, and the documents made part of this record proves otherwise. In fact, he concedes he entered a no contest plea, for which he was adjudicated guilty and sentenced on numerous state offenses. [ECF Nos. 1-2]. Petitioner has also not alleged or otherwise presented evidence to undermine the Court's

confidence in the outcome of Petitioner's criminal proceedings. *See Milton v. Sec'y, Dep't of Corr.,* 347 F. App'x 528, 531-32 (11th Cir. 2009) (*per curiam*). Consequently, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding.

Since Petitioner is not demonstrating actual, factual innocence, his untimely claims warrant no habeas corpus relief. *See e.g., Scott v. Duffy,* 372 F. App'x 61, 63-64 (11th Cir. 2010) (*per curiam*) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *Bousley v. United States,* 523 U.S. 614, 623 (1998). Given the foregoing, no fundamental miscarriage of justice will result from dismissal of this federal proceeding as untimely.

## VII. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on a petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle petitioner to relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before this Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted.

## VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of

appealability ("COA"). *See Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). Where a district court has rejected Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

### IX. Conclusion

Based upon the foregoing, it is recommended that:

1.    the Petition [ECF No. 1] be DISMISSED as untimely;

2.    judgment be entered in favor of Respondent;

3.    a certificate of appealability be DENIED; and,

4.    the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed on this 18th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Freddie Lee Robinson, *Pro Se*
        DC#761936
        Desoto Correctional Institution Annex
        Inmate Mail/Parcels
        13617 SE Highway 70
        Arcadia, FL 34266

        Sonya Roebuck Horbelt, Ass't Atty Gen'l
        Office of the Attorney General
        Criminal Appeals Division
        Concourse Center 4 Suite 200
        3507 E Frontage Road
        Tampa, FL 33607
        Email: sonya.horbelt@myfloridalegal.com